# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 96-20966
(Summary Calendar)

DORIS JACKSON; Lewis Jackson,

Plaintiffs-Appellants,

versus

TEXAS A&M UNIVERSITY, SYSTEM; PRAIRIE VIEW A&M UNIVERSITY; HAROLD NMI BONNER, Individually and as Vice President for Finance and Administration of Prairie View A&M University; WILLIE TEMPTON, Individually and as Assistant Vice President of Physical Plant & Department of Public Safety; LORENZO TRAMBLE, Individually and as former employee with Prairie View A&M University; ALBERT GEE, Individually and as Director of Personnel Services of Prairie View A&M University,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(95-CV-1072)

May 19, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Doris Jackson ("Jackson") and husband Lewis Jackson appeal the district court's grant of

summary judgment. Jackson sued defendants claiming, *inter alia*, violations of Title VII of the Civil

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Rights Act of 1964 based on a hostile work environment. The claims stem from false rumors that were circulated about Jackson and a supervisor having an adulterous affair, which caused dissension between Jackson and her co-workers. Jackson, and her co-workers, all secretaries, were later transferred to different departments but without any loss in pay or benefits. Jackson claims that the rumors and her transfer were the result of a hostile work environment based on her sex. She also claims that the hostile environment resulted in the intentional infliction of mental distress.

The district court tentatively dismissed Jackson's claims, but reserved final determination until Jackson submitted additional evidence and it heard arguments in support of Jackson's position. After considering the additional evidence and oral arguments the court rendered a final decision and entered an order granting defendants' motion for summary judgment. After carefully reviewing the briefs and the record, we affirm for the same reasons set forth in the district court's Memorandum and Order. *See Jackson v. Texas A&M, et al.*, No. H-95-1072 (S.D. Tex. Aug. 1 1996).

Specifically, the district court determined that Jackson did not establish a prima facie case of discrimination because she has proffered no evidence of discrimination on the basis of her sex. *See LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 (5th Cir. 1996). Jackson has not alleged any facts sufficient to establish that the false rumors were circulated in an effort to discriminate against her on the basis of sex. Nor has she proven that the rumors or insults were so perverse as to al ter a condition of her employment. Finally, defendants had an articulated nondiscriminatory reason for transferring Jackson that was neither rebutted by Jackson, nor did she raise a genuine issue of material fact. Thus, Jackson has also failed to establish that she suffered an adverse employment action by defendants on the basis of her sex. *DeAngelis v. El Paso Mun. Police Officers Ass'n*, 51 F.3d 591, 593 (5th Cir.), *cert. denied*, 116 S.Ct. 473 (1995).

Accordingly, we are satisfied that the district court adequately considered Jackson's arguments and rendered a proper decision, thus, we AFFIRM.